## No. 1013.

### JOHN N. OGDEN VS. S. W. OSBORN.

A judgment by default, entered before the expiration of the delay mentioned in the citation, is premature, even if the fact be that the delay to which the defendant is legally entitled has expired, and the confirmation of the default will be set aside.

APPEAL from the District Court for St. Landry.    HUDSPETH, J.

*Garland & Dupré* for Plaintiff.    *Lewis & Bro.* for Defendant Appellant.

The suit was against an absentee who was cited through a curator *ad hoc*. The citation required the defendant to answer in twelve days. Personal service was made on the 15th of November, and default was entered on the 26th and confirmed on the 30th. The sheriff's return has his charge endorsed upon it for six miles. There was no proof of the actual distance of the curator's domicil.

SPENCER, J. No default could legally have been entered until November 28, and no confirmation thereof until December 1. It would make no difference if the defendant's domicil had been proved to be only six miles distance from the court house. It would lead to infinite confusion and wrong to allow a man to be condemned before the time designated in the process for his appearance.

*Judgment reversed and case remanded.*